THE BEINHAKERMILLER LAW FIRM, LLC
414 Westfield Avenue
Westfield, New Jersey 07090
(908) 272-2232
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON M. COHEN, M.D., F.A.C.S., as authorized representative of W.Y. and C.Y., as assignee of W.Y. and C.Y. and W.Y. and C.Y., <br><br> Plaintiffs, <br><br> Vs. <br><br> BLUE CROSS BLUE SHIELD OF ILLINOIS and AON, INC., <br><br> Defendants. | CIVIL ACTION <br><br> NO.:  3:11-CV-07270-AET-LHG |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT AON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Of Counsel and
On the Brief:

MARK D. MILLER, ESQ.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

COUNTER STATEMENT OF FACTS .. . . . . . . . . . . . . . . . . . . . . . . . . . .    3

LEGAL ARGUMENT . . . .... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

CONCLUSION........... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

## <u>TABLE OF CITATIONS</u>

<u>Casatelli v, Horizon Blue Cross Blue Shield of New Jersey</u>
        2010 W.L. 3724526 (D. N.J. Sept. 13, 2010)…………………………………  5

<u>Dellavalle v. The Prudential Insurance Company of America</u>
        2006 WL 83449 (E.D. Pa. January 10, 2006) …………………………………..  3,5

<u>Devito v. Aetna, Inc.</u>
        536 F. Supp. 523, FN 8 (D. N.J. 2008)………………………………………  5

<u>Esfahani v. Medical College of Pa.</u>
        919 F.Supp. 833 (E.D. Pa. 1996)………………………………………….......  4

<u>Foy v. Singer</u>
        1992 W.L. 192590 (E.D. Pa. August 4,1992)………………………………..  5

<u>Galinsky v. Bank of America</u>
        2009 WL 1173437 (D. N.J. April 29, 2009)………………………..………...  3

<u>Harrow v. Prudential Insurance Company of America</u>
        279 F. 3d 244( 3rd Cir. 2002)………………………………………………  5

<u>Lum v. Bank of America</u>
        361 F. 3d 217 (3rd Cir 2004)…………………………………………………..  2

<u>Majka v. Prudential Insurance Company</u>
        171 F. Supp. 2d 410 (D. N.J. 2001)…………………………………………  2.5

<u>McNaboe v. N.V.F. Co.</u>
        1998 WL 661455 (D. Del. July 30, 1998)….…………………………………  4

<u>Syed v. Hercules, Inc.</u>
         214 F. 3d 155 (3rd Cir 2000)…………………………………………………  3

<u>Van Doren v. Capital Research Mgmt.</u>
         2010 W.L. 5466839 (D. N.J. Dec.30, 2010)……………………….………..  2,3

<u>Weldon v. Kraft, Inc</u>.
        896 F. 2d 793 (3rd Cir. 1990 )……………………………………………..  5

## <u>OTHER AUTHORITIES</u>

ERISA Section 502(a)………………………………………………………..   1

29 U.S.C. § 1132………………………………………………………..   1

Fed. Rule of Civ. P 12(b)(6)……………………………………………….   1

**THE BEINHAKERMILLER LAW FIRM, LLC**
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

## PRELIMINARY STATEMENT

Plaintiff, Dr. Jason M. Cohen, M.D. ("Dr. Cohen"), both as assignee and as a designated representative of the patient C.Y. ("C.Y." or "Patient"), brought this action against Defendants, Blue Cross Blue Shield of Illinois ("BCBS Illinois") and AON Corporation improperly captioned Aon, Inc. ("AON") (collectively "Defendants") for improper denial of benefits under 29 U.S.C.§ 1132 ("ERISA") Section 502(a).

Defendant AON moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) based upon Cohen and/or the Patient's failure to exhaust their administrative remedies prior to commencing this action. In their application, Defendants rely solely on the terms and language of a health insurance plan that was never communicated to Plaintiffs. BCBS of Illinois joined in AON's motion.

The Defendants violated applicable ERISA regulations as well as their own plan by not providing adequate direction on the procedures to appeal decisions in the Explanation of Benefits ("EOB") sent to the Patient and later in the denial of appeal sent to Dr. Cohen. Therefore, the relief sought by Defendants must be denied.

## COUNTER STATEMENT OF FACTS

The following statement of facts are uncontested:

1.      Dr. Cohen performed complex spinal surgery on Patient C.Y. on June 13, 2011 (Complaint at paragraph 2(a)).

2.      Dr. Cohen submitted a claim to C.Y.'s insurance company in the amount of $290,553.00. (Complaint at paragraph 11)

3.      Before the surgery, Dr. Cohen received an assignment of benefits from the Patient. (Certification of Sheree Roth at Exhibit A)

4.      Before the surgery, Dr. Cohen had been designated by the Patient as her authorized representative to appeal any decisions of the Defendants. (Certification of Sheree Roth at Exhibit B)

1

5.      The Defendant BCBS Illinois paid the Patient $25,445.95 which she then turned over to Dr. Cohen pursuant to the assignment of benefits. (Complaint at paragraph 13).

6.      No where on the EOB returned with the $25,445.95 check does it state that any appeals at any level must been taken to AON. (Certification of Sheree Roth at Exhibit C)

7.      Dr. Cohen, on behalf of the Patient, filed an appeal of the benefit determination.  In it, he included sample EOBs of the same procedures performed on C.Y. for which he was paid much more by other Blue Cross affiliates. (Certification of Sheree Roth at Exhibit D)

8.      Dr. Cohen received a denial letter from the appeal. (Certification of Sheree Roth at Exhibit E)

9.      No where in the form denial letter is there any reason for the denial, any reference to any subsequent appeals or any reference to AON or a plan administrator or the arbiter of any second level appeal.  (Certification of Sheree Roth at Exhibit E)

**<u>LEGAL ARGUMENT</u>**

**Defendants' EOB and Denial Letter of the Appeal Are Insufficient
With Regard to Reasons for Determination and Direction to File
Second Appeal Therefore Either Relieving the Plaintiffs from
Obligations To Exhaust Administrative Remedies or
Requiring Defendants to Reevaluate Claim**

The Assignment of Benefits; the Designation of Authorized Representative; the EOB; the documents submitted as the Appeal; the appeal denial letter are all documents referenced in the Complaint.  So, like the Plan (which neither the Patient C.Y., her husband W.Y. or Dr. Cohen had ever seen) the Court can consider these on a Motion to Dismiss under 12(b)(6) without converting it into a Summary Judgment Motion. <u>Lum v. Bank of America</u> 361 F. 3d 217, 232 n3 (3rd Cir. 2004).

This is unlike the cases cited in Defendants moving Brief where there were no appeals and the plaintiffs sought no recourse to an administrative process before filing a federal action. <u>Majka v. Prudential Insurance Company</u> 171 F. Supp. 2d 410 (D. N.J. 2001) [1]; <u>Van Doren v. Capital Reseach</u>

---

[1] Majka was dismissed because she still had recourse to file an appeal and thus would not suffer irreparable injury.

2

THE **Beinhaker**Miller LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ  07090
908.272.2232 – FAX: 908.233.4546

Management 2010 W.L. 5466839 (D. N.J. Dec. 30, 2010); <u>Galinsky v. Bank of America</u> 2009 WL 1173437 (D. N.J. April 29, 2009). Here, there was an appeal and the attempt by Plaintiffs to avail themselves of the administrative process, which was stymied by Defendants. The language of the Plan states in accordance with and parroting applicable ERISA regulations that "<u>any notice of adverse benefit determination under the plan will</u>:

- State the specific reasons for the determination;

- Reference specific plan provisions on which the determination is based;

- Describe additional material or information necessary to complete the Claim and why such information is necessary;

- <u>Describe plan procedures and time limits for appealing the determination, and your right to obtain information about those procedures and the right to sue in federal court</u>; (emphasis added)

- Disclose any internal rule, guidelines, protocol or similar criterion relied on in making the adverse determination (or state that such information will be provided free of charge upon request);" (Medical PPO Plan pg. 54, Certification of Exhibits Submitted in Support of AON Corporation's Motion at Exhibit A.)

Without addressing the EOB's failure to properly address prongs 1, 2 and 4 above, the failure of prong 3 is the one that is facially defective. According to ERISA regulations the description in the language providing direction on how to appeal must be reasonably calculated to advise a layperson on the steps to take to appeal an adverse benefit decision. There is no specific reference in the EOB to a second level appeal to AON. In fact, the only generic reference in the EOB to any kind of second level appeal is part of the two and one half pages of fine print which is entitled "Important Updates (Not applicable to all policies or plans)." The reference reads: "If you subscribe to an individual plan, any <u>second level of appeal</u> described elsewhere in this

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

communication (or in your policy) will be discontinued as of your Plan's Effective Date." Certainly this document did not clearly advise the Plaintiffs of their requirements of bringing a Second Level Appeal to AON.

The denial to the first appeal was even less helpful.  It came in a preprinted multipurpose request for additional info/denial form with none of the boxes checked and no indication that the first level appeal containing the appeal letter, doctor's narrative, operative history and comparison E.O.B.'s was ever considered. Further, in violation of the requirements of its own plan and ERISA regulations, it makes no reference to any requirements of any plan provision, second level appeal or how to bring that appeal or how to receive any information relating to how the claim was evaluated. This response was wholly inadequate under ERISA regulations and the Plan itself.

In cases where the Defendants' actions, including issuing defective denial letters, precluded claimants from fully availing themselves of a full and fair opportunity to appeal, cases are not dismissed. Instead the Court attempts to fashion an equitable remedy. See <u>Dellavalle v. The Prudential Insurance Company of America</u>, 2006 WL 83449 (E.D. Pa. January 10, 2006). There on cross summary judgment motions, the Court remanded the case to the plan administrator to conduct an "out of time administrative appeal." The Court held that defendant's legally defective denial letter procedurally violated the plan and the ERISA regulations. Thus, even though plaintiff claimant had filed only one out of the three required appeals, the Court decided that he had to have a remedy and that it would not advance the claimant's interests simply to dismiss. See also <u>Syed v. Hercules, Inc.</u>, 214 F. 3d 155, 162 (3rd Cir 2000). (The remedy for a violation of ERISA's disclosure requirements is to allow the claimant to seek a full and fair review of denial of benefits.)

Other Courts have simply excused the requirement that an ERISA claimant exhaust administrative remedies when the administrator failed to properly advise him of those administrative remedy.  <u>McNaboe v. N.V.F. Co.</u>, 1998 WL 661455 (D. Del. July 30, 1998).  <u>Esfahani v. Medical College of Pa.</u>, 919 F.Supp. 833 (E.D. Pa. 1996) (Plaintiff's claims not barred when claims

administrator was unresponsive to requests for employee handbook which presumably would have spelled out administrative procedures.) Foy v. Singer 1992 W.L. 192590 (E.D. Pa. August 4, 1992). (Denial of meaningful access to the administrative procedure precludes dismissal of complaint based upon failure to exhaust administrative remedies)

In Devito v. Aetna, Inc. 536 F. Supp. 523, FN 8 (D. N.J. 2008), Judge Hochberg suggested that it was inappropriate to hear a motion to dismiss for failure to exhaust administrative remedies on a 12(b)(6) motion. In her analysis, she performed a survey of the law showing that most cases dismissing for failure to exhaust administrative remedies are more properly decided on summary judgment allowing the non-moving party to do discovery regarding its allegations that any further appeals would have been futile. All but one case cited in Defendant's moving brief (where there was an attempt to appeal) were decided in the context of summary judgment motions. ( Weldon v. Kraft, Inc. 896 F. 2d 793 ( 3rd Cir 1990  ); Majka 171 F. Supp. 2d 410 (D. N.J. 2001) ; Delavalle; and Harrow v. Prudential Insurance Company of America 279 F. 3d 244 ( 3rd Cir. 2002)).

Although Casatelli v, Horizon Blue Cross Blue Shield of New Jersey 2010 W.L. 3724526 (D. N.J. Sept. 13, 2010) was decided by Judge Wigenton on a 12(b)(6) motion, it involved several actions, including two rounds of removal and remand, 387 claims involving many many patients and an ongoing appeal process. Unlike this case, access to information and irreparable harm did not appear to be an issue.

Here, the relief the Defendants seek on a 12(b)(6) motion is not warranted. The denial letters, each of which was referenced in the Complaint, were facially defective as a matter of law both in accordance with applicable ERISA regulations and Defendant's own plan which they now seek to use as both a sword and a shield.

In fact, this Court may at this juncture and on its own volition remand this case back to the Plan Administrator and order that the Plaintiffs may file "an out of time appeal" to grant  a full and fair opportunity to use the administrative process. With any dismissal, unless the Court orders this

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

remedy, any appeal would be out of time and would irreparably harm Plaintiffs.

CONCLUSION

For all of the foregoing reasons, Defendants' motion should be denied.

Respectfully Submitted,

MARK D. MILLER, ESQ.

Dated:  March 19, 2012

**THE BEINHAKERMILLER LAW FIRM, LLC**
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546