NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Dr. Jason M. COHEN, M.D., F.A.C.S., as authorized representative of W.Y. and C.Y., as assignee of W.Y. and C.Y., and W.Y. and C.Y.<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS and AON, INC.,<br><br>Defendants. | Civ. No. 11-7270<br><br>OPINION |

THOMPSON, U.S.D.J.

This matter has come before the Court on Defendant Aon Corporation's ("Aon") Motion to Dismiss [15] the Complaint [1] filed by Plaintiffs, Dr. Jason M. Cohen, M.D., F.A.C.S., as authorized representative and assignee of W.Y. and C.Y. ("Cohen"), W.Y. and C.Y. (collectively, "Plaintiffs"). Defendant Blue Cross Blue Shield of Illinois ("BCBS") (Aon and BCBS collectively, "Defendants") has joined Aon's Motion [21]. The Plaintiffs oppose the Defendants' motion [22]. The Court has decided this motion after considering the submissions of the parties and without oral arguments pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons Defendants' motion will be denied.

I.  BACKGROUND

The Court accepts as true for purposes of deciding this motion all of the Plaintiffs' well-pleaded factual allegations. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Cohen is a board certified spinal surgeon who performed spinal surgery on C.Y. on June 13, 2011. (Compl. ¶¶ 1, 2(a)). At the time that this surgery was performed, C.Y. was insured by BCBS. (*Id.* ¶ 2(a)). W.Y. is C.Y.'s husband and is a plan member of the Defendants' insurance

1

agreement and plan ("the Plan"). (*Id.* ¶ 2(b)). Aon is both W.Y.'s employer and Plan sponsor. (*Id.* ¶ 2(c)).

Prior to performing the surgery, Cohen sought prior approval from Defendants to perform the services and was approved. (*Id.* ¶ 5). After performing surgery on C.Y., Cohen sought payment from Defendants in the amount of $290,553.00 under C.Y.'s plan I.D.# AON847536384 for the "out of network" services that he performed. (*Id.* ¶¶ 3–4, 11). In addition, C.Y. assigned his right to payment under the Plan to Cohen and also designated Cohen as his authorized representative to appeal any adverse determination of Defendants on her behalf. (*Id.* ¶¶ 9–10). Eventually, the claim for C.Y. was received and designated as claim # 780118155119820H. (*Id.* ¶ 12). BCBS made a single payment on this claim number in the amount of $25,445.96, which was then paid to Cohen. (*Id.* ¶ 13). Cohen filed an appeal on July 26, 2011 with BCBS on behalf of C.Y.'s claim, but this appeal was denied via a form letter dated August 28, 2011. (*Id.* ¶¶ 16, 21). Defendants did not provide to Plaintiffs an explanation of the procedure for further appeal in this letter. (*Id.* ¶ 22). Plaintiffs also claim to "have exhausted all administrative remedies with Defendant and/or are excused from this requirement in accordance with 29 C.F.R. 2560.503-1." (*Id.* ¶ 24).

Count One of the Complaint raises a claim under § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, *et seq.* Count Two alleges a breach of fiduciary duty by Defendants under ERISA for failing to comply with 29 C.F.R. 2560.503-1. Defendant Aon has now moved to dismiss these claims, arguing that Plaintiffs failed to exhaust the administrative remedies available under the plan.

## II.   LEGAL STANDARD

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.

2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler*, 578 F.3d at 210–11. But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194).

   III.   ANALYSIS

Exhaustion of internal administrative procedures is a prerequisite to filing suit in federal court seeking redress for the improper denial of benefits under an ERISA plan. *See, e.g.*, *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990). Here, the Plan at issue provides for two levels of appeal.[1] Following the denial of a claim, in whole or in part, a Plan participant may contact customer service concerning this determination. (Madden Cert., Ex. A at 55). Then, if BCBS

---

[1] Although a court generally does not take into consideration documents outside of the pleadings when deciding a motion to dismiss, consideration of a document that forms the basis of a claim or that is "integral to or explicitly relied upon in the complaint" is appropriate. *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted). Therefore, the Court deems it appropriate to rely on the document governing administration of the Plan in this case.

determines that the claim was appropriately denied, an appeal must be made in writing within 180 days from the date the participant receives notice of the denial. (*Id.*). A written decision will follow within 60 days from the date of this request. (*Id.*). Then, if still unsatisfied with the BCBS determination after this first appeal, a Plan participant may take a second appeal by appealing BCBS's determination to the Benefits Committee within 180 days of receipt of the first appeal decision. (*Id.* at 56).

There is no dispute in this case that Plaintiffs properly went through the first appeal procedure outlined above. (Compl. ¶ 16). Defendants, however, argue that Plaintiffs have not exhausted all administrative remedies because Plaintiffs failed to take the second appeal to the Benefits Committee, which is available under the Plan. Plaintiffs counter that both the Explanation of Benefits (EOB), (Roth Cert., Ex. C), and the denial letter of the first appeal sent to Plaintiffs (the "Denial Letter"), (Roth Cert., Ex. E), were legally insufficient, which therefore relieved Plaintiffs from the obligation to take the second appeal to the Benefits Committee before filing the instant suit. Because the Court finds that the Denial Letter failed to conform to the pertinent regulations adopted by the Secretary of Labor, Plaintiffs are deemed to have exhausted their administrative remedies and Defendants' motion must be denied.

As an initial matter, the Court deems it appropriate to consider the both contents of the EOB and the Denial Letter in deciding this motion because these documents are specifically referred to in the Complaint or otherwise integral to Plaintiffs' claims. (*See* Compl. ¶¶ 21); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (A court "may consider . . . any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.") (citations and quotations omitted). The Denial Letter consists of a one-page form containing some basic information about the appeal and several boxes that are meant to (when check-marked) indicate

4

that either additional information is needed to process the appeal or that the appeal was denied. (*See* Roth Cert., Ex. E). For some reason not explained by either party, none of the boxes on the Denial Letter are appropriately marked. Neither party, however, argues with the characterization of this letter as a denial of Plaintiffs' insurance claim on the first appeal.

Section 503 of ERISA provides that every employee benefit plan shall "(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. The pertinent regulations promulgated by the Secretary of Labor regarding denials of coverage after an appeal further provide that:

> The plan administrator shall provide a claimant with written or electronic notification of a plan's benefit determination on review. . . . In the case of an adverse benefit determination, the notification shall set forth, in a manner calculated to be understood by the claimant—
> (1) The specific reason or reasons for the adverse determination;
> (2) Reference to the specific plan provisions on which the benefit determination is based;
> (3) A statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section;
> (4) A statement describing any voluntary appeal procedures offered by the plan and the claimant's right to obtain the information about such procedures described in paragraph (c)(3)(iv) of this section, and a statement of the claimant's right to bring an action under section 502(a) of the Act;

29 C.F.R. § 2560.503-1(j)(4).[2]  The Denial Letter satisfies none of these requirements, and this is fatal to Defendants' pending motion.  Although some courts have held that only substantial compliance with these requirements is necessary in a denial letter,[3] the Denial Letter in this case is completely devoid of any meaningful information that could be said to substantially comply with these requirements.

The regulations also provide that a claims procedure, which encompasses an appeal of an adverse benefits determination, is reasonable only if, *inter alia*, it complies with the requirements of subsection (j) as outlined above.  *See* 29 C.F.R. § 2560.503-1(b)(1).  Then, in subsection (l) entitled "Failure to establish and follow reasonable claims procedures," the regulations are unambiguous in that:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

*Id.* § 2560.503-1(l).  Therefore, the inadequacies of the Denial Letter are alone sufficient to deny Defendants' motion.  *See Linder v. Byk-Chemie USA, Inc.*, 313 F. Supp. 2d 88, 94 (D. Conn. 2004) (Subsection (l) "is unequivocal that any failure to adhere to a proper claims procedure is sufficient to deem administrative remedies exhausted.").  Whether the EOB was also insufficient under applicable ERISA regulations is a question that the Court need not, and does not, address.

---

[2] This is a separate and distinct requirement from the disclosures necessary in a notification of benefit determination, such as the EOB in this case.  *Compare* 29 C.F.R. § 2560.503-1(g) *with* 29 C.F.R. § 2560.503-1(j).

[3] *See, e.g.*, *Wahl v. First Unum Life Ins. Co.*, No. 93-4813, 1994 U.S. Dist. LEXIS 1960, at *9 (E.D. Pa. Feb. 18, 1994).  The Court also notes, however, that this standard is likely no longer applicable after subsection (l), discussed *infra*, was added to the regulations in the year 2000.  *See generally* Employee Retirement Income Security Act of 1974; Rules and Regulations for Administration and Enforcement; Claims Procedure, 65 Fed. Reg. 70246, 70255–56 (Nov. 21, 2000) (codified at 29 C.F.R. § 2560.503-1(l)) (discussing the purpose for inclusion of subsection (l) into the regulations).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied. An appropriate Order will follow.

                                        */s/ Anne E. Thompson*
                                        ANNE E. THOMPSON, U.S.D.J.

Date: April 11, 2012